USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
OSWALDO SERRATA,                                :
                                                                       :
                Petitioner,                     :
                                                                       :
      -against-                                      :      OPINION AND ORDER
                                                                       :
BRIAN FISCHER, COMMISSIONER OF    :
DOCS; DAVID M. UNGER,                       :      13 Civ. 2632 (LGS)
SUPERINTENDENT AT WYOMING C.F.,:
                                                                       :
                Respondents.                :
------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      Before the Court is the Report and Recommendation of Magistrate Judge James C. Francis VI ("Report"), recommending that Petitioner Serrata's petition for a writ of habeas corpus ("Petition") be denied. (Dkt. No. 16).

## I.    Background

      On April 26, 2008, Petitioner and two other men entered Onesimo Gonzales's apartment building, assaulted and robbed him. As the assault was occurring, Petitioner's former wife ran to Mr. Gonzales's apartment for help, and two of Mr. Gonzales's friends came to Mr. Gonzales's aid. More fighting ensued, after which Petitioner fled and was subsequently arrested and convicted of first-degree burglary and third-degree assault.

      Petitioner filed his request for habeas relief in March, 2013, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). He argues ineffective assistance of both trial and appellate counsel, and that his convictions for first-degree burglary and third-degree assault were supported by insufficient evidence. On September 9, 2013, Magistrate Judge Francis issued the Report, recommending that the Petition be denied. Petitioner was given fourteen days within which to file objections to the Report.

Petitioner claims that, as a result of a typographical error in the address to which the Court mailed his copy of the Report, he did not receive the Report until September 20, 2013, a few days before his September 23, 2013, deadline to submit objections. Petitioner sent a first set of objections to the Court on September 26, 2013, according to his affidavit of service, which were received by the Court on October 3, 2013. (Dkt. No. 17). He subsequently sent a second set of objections to the Court the following day, with the explanation that he had originally sent the wrong document. (Dkt. No. 18). The Court has considered Petitioners objections, notwithstanding their untimeliness, under the *de novo* standard of review. *See Sanford v. Lee*, No. 11 Civ. 5714, 2012 WL 3062692, at *1 (S.D.N.Y. July 25, 2012) (considering and rejecting untimely objections on the merits).

## II.     Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Court reviews the report strictly for clear error where no objection has been made, and makes a *de novo* determination regarding those parts of the report to which objections have been made. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted). *De novo* review of a magistrate's report does not require the Court to conduct a *de novo* hearing on the underlying issues. *Marine v. Barnhart*, No. 00 Civ. 9392, 2003 WL 22434094, at *1 (S.D.N.Y. Oct. 24, 2003) (citing

*United States v. Raddatz*, 447 U.S. 667, 676 (1980)).  Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  *Raddatz*, 447 U.S. at 676.

### III.     Petitioner's Objections

Petitioner objects only with respect to the Report's analysis of the sufficiency of the evidence to convict him for first-degree burglary, arguing: (1) that the evidence was insufficient to show that he broke into the apartment building with the intent of assaulting Mr. Gonzales and (2) that the assault did not take place in a "dwelling."

Petitioner's first objection fails for at least two reasons.  First, the criminal statute for first-degree burglary does not require forced entry, only that the defendant "knowingly enters or remains unlawfully."  N.Y. Penal Law § 140.30 (McKinney).  In any event, as Magistrate Judge Francis correctly observed, the record contains evidence that Mr. Serrata forced his way into Mr. Gonzalez's building, including the testimony of Mr. Gonzales, Ms. Castro, and Mr. Campo Hermoso.  (Report at 21).  The jury was free to make its own credibility determinations, and was under no obligation to accept Petitioner's version of the story as true.  Second, the record contains sufficient evidence to support the jury's finding that the Petitioner entered the building with the intent to commit a crime, including evidence that Petitioner forcibly entered the building and assaulted Mr. Gonzalez immediately thereafter.  Magistrate Judge Francis correctly concluded that the evidence was sufficient to raise an inference of intent and supported "the state court's implicit finding that there was legally sufficient evidence to sustain Mr. Serrata's conviction for burglary . . . ."  (Report at 21).

Petitioner's second set of objections—that he did not enter a "dwelling" as meant by the burglary statute because the assault took place in the hallway rather than in an individual tenant's

unit—is similarly flawed. The applicable criminal code defines a "dwelling" as "a building which is usually occupied by a person lodging therein at night." N.Y. Penal Law § 140.00 (3) (McKinney). New York courts have held that the hallways and other common areas of apartment buildings are "dwellings" where they are not accessible to the general public. *See, e.g.*, *People v. Torres*, 162 A.D.2d 385, 386 (1st Dep't 1990); *People v. Rodriguez*, 159 A.D.2d 201, 202-03 (1st Dep't 1990); *c.f. People v. Maisonet*, 304 A.D.2d 674, 675 (2d Dep't 2003) (apartment building hallway not a dwelling where there is no indication that the door to the building was locked, entry was controlled by a buzzer, or any other indication that the building was restricted to tenants). Petitioner concedes in his objections that the door to the apartment building was locked, and only accessible via key. As such, there was sufficient evidence that the events took place in a dwelling, within the meaning of the burglary statute.

### IV.   Conclusion

Having reviewed the remaining portions of the Report, to which no objection has been made, the Court finds no clear error on the face of the record. Whereas Petitioner's objections are without merit, and whereas the Report has been found to contain sound legal reasoning after *de novo* review, the Court hereby ADOPTS the Report in its entirety as the decision of the Court. Petitioner's request for a writ of habeas corpus is denied.

A certificate of appealability shall not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to serve a copy of this Order to Petitioner and to close this case.

SO ORDERED.

Dated: October 18, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE